# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1575
_____

United States of America,

*Plaintiff - Appellee,*

v.

Dave Shumpert, III,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: May 11, 2026
Filed: July 16, 2026
[Unpublished]

_____

Before COLLOTON, Chief Judge, SHEPHERD and KOBES, Circuit Judges.

_____

PER CURIAM.

A grand jury charged Dave Shumpert, III, with unlawful possession of a firearm as a felon. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(8). The district court[*] denied Shumpert's motion to dismiss the indictment based on the Second Amendment. Shumpert entered a conditional plea of guilty, and reserved his right to appeal the denial of the motion. *See* Fed. R. Crim. P. 11(a)(2). On appeal, Shumpert argues that § 922(g)(1) violates the Second Amendment as applied to him and that his sentence is substantively unreasonable.

Shumpert contends that his conviction under 18 U.S.C. § 922(g)(1) is unconstitutional "in the absence of a prior felony conviction for [a] crime of violence." This contention is foreclosed by circuit precedent. We have held that the categorical prohibition on possession of firearms by felons is "consistent with the Nation's historical tradition of firearm regulation." *United States v. Jackson*, 110 F.4th 1120, 1126 (8th Cir. 2024) (quoting *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 24 (2022)), *cert. denied*, 145 S. Ct. 2708 (2025). Accordingly, "there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)," *id.* at 1125, and the district court properly denied the motion to dismiss.

We also conclude that the district court did not impose a substantively unreasonable sentence. This court reviews the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 52 (2007). A sentence within the advisory guideline range is presumed reasonable. *United States v. Hoeffener*, 950 F.3d 1037, 1046 (8th Cir. 2024).

The district court sentenced Shumpert to 77 months' imprisonment, the low end of the advisory range. Shumpert asserts that his advisory range was 51 to 63 months,

[*]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

but the record reflects that the court calculated a range of 77 to 96 months' imprisonment after applying a four-level increase for possession of a firearm in connection with another felony offense. *See* USSG § 2K2.1(b)(6)(B) (Nov. 2024). Shumpert is thus mistaken about the advisory range, but he does not challenge the district court's application of the adjustment or the calculation of the guideline range.

Shumpert argues only that the court improperly weighed his criminal history. While acknowledging that "his criminal history is replete with firearms possession and drug use," Shumpert maintains that the court "failed to place any emphasis on the nature of his underlying felony conviction for user in possession of a controlled substance and lack of prior felony-level convictions for violence." The district court, however, considered all of the sentencing factors under 18 U.S.C. § 3553(a), and discussed Shumpert's criminal history in detail.

Shumpert scored eighteen criminal history points under the guidelines based on eight prior convictions for various offenses. The court recounted three recent matters. Shumpert was convicted for unlawful possession of a firearm as a drug user after three firearms, including one loaded with an extended magazine, were seized from an apartment where he lived and used drugs. The court cited Shumpert's conviction for escape from a residential reentry center while completing his sentence for the firearms offense. And the court observed that Shumpert's most recent offense involved a traffic stop during which a nine-millimeter handgun with a high-capacity 31–round extended magazine was found under his seat. An officer testified that information on Shumpert's phone revealed that he was selling cocaine and fentanyl in the days leading up to the seizure of the firearm.

The sentencing court has wide latitude in weighing the sentencing factors. The court did not abuse its discretion here by rejecting Shumpert's arguments in mitigation and imposing a sentence within the advisory range.

The judgment of the district court is affirmed.

_____

-3-